**WO**                                                                              JDN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Dwayne D. Williams,                         )   No. CV 05-1072-PHX-JAT (MEA)
                                            )
            Plaintiff,                      )   **ORDER**
                                            )
vs.                                         )
                                            )
Dan Vanelli, et al.,                        )
                                            )
            Defendants.                     )
                                            )
_____ )

      This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 brought by a civil detainee confined in the Arizona Community Protection & Treatment Center at the Arizona State Hospital in Phoenix, Arizona.  The Court will dismiss the action with leave to amend.

**A.**    **Background**

      On August 28, 2003, Plaintiff was found by a jury to be a "sexually violent person" as defined under the applicable state statute.  Matter No. CV 2003-008179.  The Court ordered Plaintiff to be civilly committed and placed in the Arizona Community Protection and Treatment Center until further order of the court.  On April 7, 2005, Plaintiff filed this *pro se* civil rights action pursuant to § 1983 (Doc. # 1).  Upon the Court's Order dated April 15, 2005, Plaintiff was ordered to file an application to proceed *in forma pauperis* on the new court-approved form (Doc. # 3).  Plaintiff filed a new Motion to Proceed *In Forma Pauperis* and a First Amended Complaint on May 24, 2005 (Doc. #'s 7 and 6).  The Court will address Plaintiff's *in forma pauperis* application herein and screen the First Amended Complaint pursuant to 28 U.S.C. § 1915(e).

JDDL-K

**B.    Application to Proceed In Forma Pauperis & Filing Fee.**

The Prison Litigation Reform Act requires a prisoner to pay the civil action filing fee incrementally even when the prisoner is granted leave to proceed *in forma pauperis*. The PLRA, in 28 U.S.C. § 1915(h), defines "prisoner" as follows:

> [T]he term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions or parole, probation, pretrial release, or diversionary program.

In an earlier Order, the Court required Plaintiff to meet the requirements for prisoners applying to proceed *in forma pauperis*, which includes submitting a certified six-month trust account statement. <u>See</u> 28 U.S.C. § 1915(a)(2). Whether Plaintiff is a "prisoner" for purposes of application of the PLRA is based upon his status at the time he filed his original Complaint. <u>See</u> <u>Page v. Torrey</u>, 201 F.3d 1136, 1140 (9th Cir. 2000). In <u>Page</u>, the Ninth Circuit Court of Appeals held that a person who completed his prison term and was civilly committed for treatment under California's Sexually Violent Predators Act was not a "prisoner" under the PLRA. <u>Id.</u> at 1140. The Ninth Circuit rejected an interpretation of § 1915(h) that included persons who had in the past been accused of, convicted of, or sentenced for a criminal offense. <u>Id.</u> at 1139. The court of appeals relied in part on <u>LaFontant v. INS</u>, 135 F.3d 158, 165 (D.C. Cir. 1998), which found that a person who had served time for past convictions ceased being a "prisoner" at the time he was released on parole. <u>Page</u>, 201 F.3d at 1140.

The record shows that at the time Plaintiff filed his complaint in April 2005, he was civilly detained at the Arizona Community Protection and Treatment Center. Accordingly, Plaintiff was not a "prisoner" for purposes of the PLRA at the time he filed his Complaint. Plaintiff may proceed *in forma pauperis without* the necessity of filing a certified six-month account statement, and he will likewise *not* be required to pay the civil action filing fee incrementally under 28 U.S.C. § 1915(b)(1). Under 28 U.S.C. § 1915(a), the filing fee is waived for a nonprisoner proceeding *in forma pauperis*.

//

//

JDDL-K

- 2 -

**C.** **Statutory Screening of Prisoner Complaints.**

The Court is required to screen complaints brought by *pro se* litigants proceeding *in forma pauperis* and seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915(e). The Court must dismiss a complaint or portion thereof if Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130.

The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform litigant of deficiencies). Plaintiff's First Amended Complaint will be dismissed for failure to state a claim, *with* leave to amend because the complaint may possibly be saved by amendment.

**D.** **First Amended Complaint.**

Plaintiff sues Dan Vanelli, Deputy Warden at the Arizona Department of Corrections; R. Jaeger, Captain at the Arizona Department of Corrections; Dr. Dawn Noggle, Clinical Director at the Arizona Community Protection and Treatment Center; and Susan Gilbert, Director at the Arizona Community Protection and Treatment Center.

In Count I, Plaintiff alleges that he was accused of sexually assaulting another inmate while confined in the Arizona Department of Corrections Complex - Santa Rita, in Tucson, Arizona in 1995. A disciplinary hearing was held and Plaintiff was found guilty of the

sexual assault.  Plaintiff appealed the decision, and his appeal was denied.  Plaintiff claims that there were numerous faults with the hearing and appeal process, for example: (1) dates were changed on the disciplinary report; (2) the hearing officer conducted no real "hearing" to ascertain the facts or hear Plaintiff's claims; (3) Plaintiff was not provided the proper appeals forms and his failure to use the proper forms was used as grounds to deny appeal; and (4) Plaintiff was not allowed to review the investigator's report that was used as a basis for the finding of guilt.  Plaintiff contends that this alleged sexual assault was subsequently used against him in his civil commitment trial.

In Count II, Plaintiff alleges that conditions of confinement at the Arizona Community Protection and Treatment Center violate his due process.  Plaintiff states that the treatment center's "use of coercion and or be punished, allows residents to move forward in this program whether the information is true or not."  (Compl. at 5A).  Plaintiff also alleges that he never received a copy of his birth certificate which he order from the Department of Vital Records in Illinois.  Plaintiff asserts that he was questioned about a staff member bringing in drugs, and he was brought to Mesa, Arizona to take a polygraph test to see if he had any information about this staff member.  Plaintiff goes on to discuss some problems with the courses he was taking through Rio Salado College and alleges that he was wrongfully accused of harassing the Rio Salado College site supervisor.  Plaintiff contends that he was subjected to retaliation after his attorney questioned Plaintiff over the phone about clothes Plaintiff was to receive.  Plaintiff told his attorney that he did not receive any clothes despite the treatment center informing the attorney otherwise, and the next day his room was searched and state-supplied clothing was taken.

Plaintiff further alleges that "the program allows residents whom fight or threaten staff, get dirty UA's, or get caught with drugs to move forward through this program." (Compl. at 6).  Plaintiff asserts that when he requested a new therapist, Dr. Noggle threatened him and there was further retaliation in the form of being denied outing requests.  According to Plaintiff, the "programs use of lies and deception to make a resident look bad on record (written or verbal)."  (Compl. at 7).  Finally, Plaintiff claims that the program puts too much

reliance on the polygraph tests, and that the treatment center is worse than a prison - mentally, emotionally, and psychologically.

For relief, Plaintiff requests the following: (1) that his disciplinary report from 1995 be expunged; (2) that the three-panel disciplinary committee be reinstated; (3) that he be awarded monetary damages; (4) that an individual be appointed to ensure that residents are treated fairly; and (5) declaratory relief.

**E.      Failure to State a Claim.**

*1. Count I*

The Court notes that Plaintiff's claim involving violation of due process in the disciplinary proceedings in Count I arises from his incarceration in June 1995.  In § 1983 actions, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. Johnson v. California, 207 F.3d 650, 653 (9th Cir. 2000).  The Court applies Arizona's two year statute of limitations for personal injury actions  to § 1983 actions. Krug v. Imbordino, 896 F.2d 395, 397 (9th Cir. 1990).  The Court must also apply any state rule for tolling to actions brought under § 1983. Hardin v. Straub, 490 U.S. 536, 544 (1989); TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999).  Pursuant to the former tolling provision of A.R.S. § 12-502(B), "the statute of limitations begins running when the incarcerated prisoner discovered or reasonably should have discovered the right to bring the action, or upon the prisoner's release from prison, whichever first occurs." Vega v. Morris, 184 Ariz. 461, 464, 910 P.2d 6, 9 (1996).  However, this tolling provision was deleted from the statute by amendment effective April 12, 1996.  Consequently, as of April 12, 1996, incarceration was no longer a "disability" which tolled the statute of limitations. See e.g., Zuck v. State of Arizona, 159 Ariz. 37, 40, 764 P.2d 772, 775 (Ariz.Ct.App. 1988).  After April 12, 1996, " a prisoner had the same time others would have to bring a claim, from that date, or a later date if that was when the prisoner first reasonably discovered his or her right to bring and action." *Id.*   Therefore, the statute of limitations began to run two years "from the time after the effective date of the amendment that he discovered or with reasonable diligence should have discovered his right to bring those claims." *Id.*   Therefore, Plaintiff

1    had until April 1998, to file his claim.  The Complaint was not filed until April 2005, seven

2    years after the statute of limitations deadline for the claim in Count I had passed.

3         Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss an *in forma*

4    *pauperis* case, at any time, if it fails to state a claim upon which relief may be granted.

5    Failure to state a claim includes circumstances where a defense is complete and obvious from

6    the face of the pleadings.  Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (applying

7    former § 1915(d) which is now codified at 28 U.S.C. § 1915(e)(2)(B)).  In the absence of

8    waiver, the Court may raise the defense of statute of limitations *sua sponte*.  See Levald, Inc.

9    v. City of Palm Desert, 998 F.2d 680, 687 (9th Cir. 1993).  Accordingly, Count I is time-

10   barred and will be dismissed without prejudice.  Defendants Dan Vanelli and R. Jaeger will

11   also be dismissed as they are linked only to the claim set forth in Count I.

12        *2.  Count II*

13        Plaintiff's claims in Count II concern conditions of confinement at the Arizona

14   Community Protection and Treatment Center.  In Seling v. Young, 531 U.S. 250 (2001), the

15   U.S. Supreme Court acknowledged that persons committed as sexually violent predators have

16   a remedy for the alleged conditions to which they are subjected: "due process requires that

17   the conditions and duration of confinement . . . bear some reasonable relation to the purpose

18   for which persons are committed." Id. at 265.  "The more protective fourteenth amendment

19   standard applies to conditions of confinement when detainees . . . have not been convicted

20   of" a crime.  Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987) (citing Youngberg

21   v. Romeo, 457 U.S. 307 (1982)).  Regarding civil commitments, "[c]ivil status means civil

22   status, with all the Fourteenth Amendment rights that accompany it." Jones v. Blanas, 393

23   F.3d 918 (9th Cir. 2004), cert. denied, 126 S.Ct. 351 (2005).

24        Plaintiff's conditions of confinement claim is therefore evaluated under the Due

25   Process Clause of the Fourteenth Amendment, which protects against the imposition of

26   "punishment" prior to an adjudication of guilt.  Bell v. Wolfish, 441 U.S. 520, 535 (1979).

27   Those who have been involuntarily committed, however, are entitled to more considerate

28   treatment and conditions of confinement than those who are criminally detained.  Jones, 393

1    F.3d at 932 (citing Youngberg, 457 U.S. at 321-22). In order to determine whether a
2    restriction or condition of confinement is punitive, the Court must weigh the evidence that
3    it is intended to punish, that it is purposeless, or that it is arbitrary, against the possibility that
4    it is "an incident of some other legitimate governmental purpose," such as "maintaining
5    institutional security and preserving institutional order." Simmons v. City of Philadelphia,
6    947 F.2d 1042, 1068 (3d Cir. 1991) (quoting Bell, 441 U.S. at 538, 546). "[I]f a particular
7    condition or restriction of pretrial detention is reasonably related to a legitimate
8    governmental objective, it does not, without more, amount to 'punishment.' Conversely, if
9    a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or
10   purposeless—a court permissibly may infer that the purpose of the governmental action is
11   punishment that may not constitutionally be inflicted upon detainees qua detainees." Bell,
12   441 U.S. at 538-39.

13         Here, it is difficult to evaluate whether the conditions Plaintiff complains of are
14   arbitrary or purposeless because his Complaint fails to comply with Rule 8, Fed. R. Civ. P.
15   Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short
16   and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1)
17   states that "[e]ach averment of a pleading shall be simple, concise, and direct." Plaintiff's
18   lengthy narratives, particularly his eight-page narration in Count II, violate this rule.
19   Moreover, Plaintiff has failed to state a claim under § 1983. In order to recover under §
20   1983, a plaintiff must show: (1) violation of a right protected by Constitution or federal law;
21   (2) that was proximately caused; (3) by conduct of a "person" named as a defendant; (4)
22   acting under color of state law. See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991).
23   Plaintiff has not connected any of his claims to the Defendants. Consequently, Count II will
24   be dismissed.

25         Plaintiff's allegations should "fully set forth who is being sued, for what relief, and
26   on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172,
27   1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 84, Form 9). If the evidence justifies it,
28   Plaintiff may name persons in their individual capacities. If he does so, he must write short,

JDDL-K                                      - 7 -

1   plain statements telling the court: (1) the constitutional right Plaintiff believes was violated;

2   (2) the name of the person who violated the right; (3) exactly what that individual did or

3   failed to do; (4) how the action or inaction of that person is connected to the violation of

4   Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that

5   person's conduct.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371-72, 377 (1976).  Plaintiff must repeat

6   this process for each person he names as a Defendant.  Plaintiff is advised to apply these

7   standards when submitting an amended complaint or his action may be dismissed.

8       *3.  Class Action*

9       On the face of his First Amended Complaint, Plaintiff states that this is a class action,

10  and he includes "Others Simularly [sic] Situated" as plaintiffs in the caption.

11      Plaintiff is not an attorney.  Although Plaintiff may appear on his own behalf, he may

12  not appear as an attorney for other persons in a class action.  <u>McShane v. United States</u>, 366

13  F.2d 286, 288 (9th Cir. 1966) (nonlawyer had no authority to appear as an attorney for other

14  persons in a purported class action); <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir.

15  1975) (plain error to permit an inmate proceeding *pro se* to represent fellow inmates in a

16  class action).  "This rule is an outgrowth not only of the belief that a layman, untutored in the

17  law, cannot 'adequately represent' the interests of the members of the 'class,' but also out

18  of the long-standing general prohibition against even attorneys acting as both class

19  representative and counsel for the class."  <u>Huddleston v. Duckworth</u>, 97 F.R.D. 512, 514

20  (N.D. Ind. 1983).

21      Further, Plaintiff has made no showing that the four prerequisites to a class action

22  under Rule 23(a), Fed.R.Civ.P., *i.e.*, numerosity, typicality, commonality, and adequacy of

23  representation, have been met in this case.  Accordingly, this action will not be certified as

24  a class action and Plaintiff Dwayne D. Williams shall be the sole plaintiff named in the

25  caption.

26  **F.    <u>Leave to Amend</u>.**

27      For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for

28  failure to state a claim upon which relief may be granted.  Plaintiff may amend his First

1   Amended Complaint to cure the deficiencies outlined above.  The Clerk of Court will be

2   directed to provide Plaintiff with a Court-approved form for filing a civil rights complaint.

3   Plaintiff is advised that the amended complaint must be retyped or rewritten in its entirety

4   on the court-approved form and may not incorporate any part of the original Complaint, or

5   First Amended Complaint, by reference.  Any amended complaint submitted by Plaintiff

6   should be clearly designated as such on the face of the document.

7        Plaintiff is also reminded that in an Amended Complaint, he may only include one

8   claim per count.  The "one claim per count" rule is set forth in the form Complaint and

9   accompanying instructions, and is a requirement imposed by the local rules of this Court.

10  See LRCiv 3.4(a) (complaint must be in accordance with the instructions provided with the

11  form).

12       An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963

13  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,

14  1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.

15  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are

16  not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.

17  1987).

18  **G.    Address Changes.**

19       In the notice of assignment issued in this action (Doc. #2), Plaintiff was advised he

20  must file a notice of change of address if his address changes.  Plaintiff is again reminded

21  that at all times during the pendency of this action, Plaintiff shall immediately advise the

22  Court of any change of address and its effective date.  Such notice shall be captioned

23  "NOTICE OF CHANGE OF ADDRESS."  Plaintiff shall serve a copy of the Notice of

24  Change of Address on all opposing parties.  The notice shall contain only information

25  pertaining to the change of address and its effective date, and shall not include a motion for

26  other relief.  Failure to timely file a notice of change of address may result in the dismissal

27  of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

28  Procedure.

**H.     Warning of Possible Dismissal.**

Plaintiff should take note that if he fails to timely comply with every provision of this Order, this action will be dismissed without further notice.  See Ferdik, 963 F.2d at 1260-61(district court may dismiss action for failure to comply with any order of the Court).

**IT IS THEREFORE ORDERED that:**

(1)  Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. # 7) is **granted**. Plaintiff's filing fee is waived pursuant to 28 U.S.C. § 1915(a).

(2)  The First Amended Complaint is **dismissed** for failure to state a claim.  Plaintiff shall have **30 days** from the date this Order is filed to file an Amended Complaint in compliance with this Order.

(3)  The Clerk of Court shall enter a judgment of dismissal of this action with prejudice and without further notice to Plaintiff, if Plaintiff fails to file an amended complaint within thirty (30) days of the date this Order is filed.

(4)  Aside from the two copies of the complaint or amended complaint that must be submitted pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, a clear, legible copy of every pleading or other document filed shall accompany each original pleading or other document filed with the Clerk for use by the District Judge or Magistrate Judge to whom the case is assigned.  See LRCiv 5.4.  Failure to comply with this requirement may result in the pleading or document being stricken without further notice to Plaintiff.

(5)  The Clerk of Court shall provide to Plaintiff a current court-approved form for filing a civil rights complaint.

DATED this 28th day of December, 2005.

James A. Teilborg
United States District Judge

**INFORMATION AND INSTRUCTIONS FOR A
PRISONER FILING CIVIL RIGHTS COMPLAINT
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

## I.  <u>General Information About the Civil Rights Complaint Form:</u>

A.  <u>The Form</u>.   The civil rights complaint form is designed to help prisoners prepare a complaint seeking relief for a violation of their federal civil rights.  Local Rule of Civil Procedure 3.4(a) requires that prisoner civil rights complaints be filed on the court-approved form.  Your complaint must be typewritten or legibly handwritten.  All information must be clearly and concisely written, **only in the space provided on the form.**  If needed, you may attach no more than fifteen additional pages of standard letter size paper to continue any part of the complaint. You must identify which part of the complaint is being continued and number all pages.

B.  <u>Your Signature</u>.  You must sign the complaint.  Your signature constitutes a certificate that: 1) you have read the complaint; 2) to the best of your knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and law; and 3) it is not being filed for any improper purpose.  Please review Rule 11 of the Federal Rules of Civil Procedure.  Rule 11 provides for the imposition of sanctions if the complaint is signed in violation of the Rule.

C.  <u>The Filing Fee</u>.  You must pay the $250.00 filing fee.  If you are unable to pay the filing fee when the complaint is filed, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for more information.

D.  <u>Court Divisions</u>.  If you resided in Maricopa, Pinal, Yuma, La Paz, or Gila county when your rights were allegedly violated, you should  file your complaint in the Phoenix Division of the court.  If you resided in Apache, Navajo, Coconino, Mohave, or Yavapai county when your rights were allegedly violated, you should file your complaint in the Prescott Division of the court.  If you resided in Pima, Cochise, Santa Cruz, Graham, or Greenlee county when your rights were allegedly violated, you should file your complaint in the Tucson Division of the court. See LRCiv  5.1(a) and 77.1(a).

You should mail THE ORIGINAL AND ONE COPY of your complaint with the $250.00 filing fee or the application to proceed *in forma pauperis* to:

| <u>Phoenix & Prescott Divisions</u>: | **OR** | <u>Tucson Division</u>: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 321 | | U.S. Courthouse, Suite 1500 |

401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona  85003-2119                 Tucson, Arizona  85701-5010

E.  Certificate of Service on Defendants.  You must furnish the opposing party or their attorney with a copy of any document you submit to the court (except the initial complaint and application to proceed *in forma* pauperis).  Pursuant to Rules 5(a) and (d) of the Federal Rules of Civil Procedure, each original document (except the initial complaint and application for leave to proceed *in forma pauperis)* must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the opposing party or their attorney and the address to which it was mailed.  Any document received by the court which does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ___ day of____(month)____, (year) , to:
Name:  _____
Address:_____
       Attorney for Defendant(s)/Respondent(s)


_____
(Signature)

F.  Original and Judge's Copy.  You must furnish an original and one copy of any document submitted to the court.  You must furnish one additional copy to the clerk if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.

G.  Exhibits.  You should not submit exhibits with the complaint.  Instead, the relevant information should be paraphrased in the complaint.  You should keep the exhibits to use to support or oppose a motion for summary judgment or at trial.

H.  Change of Address.  You must immediately notify the clerk and the opposing party or their attorney in writing of any change in your mailing address.  Failure to notify the court of any change in your mailing address may result in the dismissal of your case.

I.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  Rule 15(a) of the Federal Rules of Civil Procedure allows you to file one amended complaint prior to any defendant filing an answer.  After any defendant has filed an answer, you must file a motion for leave to amend and lodge a proposed amended complaint.  Local Rule of Civil Procedure 15.1(a)(2) prohibits any amended pleading from referencing any prior pleading.  Further, any allegations or defendants not included in the

2

amended complaint are considered dismissed.

J.  <u>Letters and Motions</u>.  It is generally inappropriate to write a letter to any of the District Judges, Magistrates Judges, or the staff of any of the judicial officers.  The appropriate way to communicate with these persons is by filing a written pleading or motion.

## II.  <u>Completing the Civil Rights Complaint Form:</u>

**HEADING:**

    1.  <u>Your Name</u>.  Print your name, prison or jail inmate number, and mailing address on the lines provided.

    2.  <u>Defendants</u>.  Print the names of each of your defendants.  If you name more than **four** defendants, you should print the name of one defendant and "see additional page for defendants" in the space provided.  On the additional page you must list the names of **all** of the defendants.  This additional page should be inserted after page 1 and numbered as page "1-A" at the bottom of the page.  The initial complaint must contain the names of **all** of the parties (plaintiffs as well as defendants) in the heading (or on the additional page if more than four defendants).  See Rule 10(a) of the Federal Rules of Civil Procedure.

    3.  <u>Jury Demand</u>.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" on the line below "CIVIL RIGHTS COMPLAINT BY A PRISONER." Failure to do so will result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  <u>Nature of Suit</u>.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "<u>Bivens v. Six Unknown Federal Narcotics Agents</u>" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  <u>Plaintiff</u>.  Print all of the requested information on the spaces provided.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  <u>Defendants</u>.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on a separate page.  Label the page(s) as "2-A," "2-B," etc., at  the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary

information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights the defendant(s) violated.  The form provides space to allege three separate counts (one violation per count).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page.  Number the additional pages "5-A", "5-B", etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

1.  <u>Counts</u>.  You must identify which civil right was violated.  YOU MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT.

2.  <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  YOU MAY CHECK ONLY ONE BOX  PER COUNT.  If you check the box marked "Other," you must identify the specific issue involved in the space provided.

3.  <u>Supporting Facts</u>.  After you have identified which civil right was violated, you need to state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you need to identify which defendant did what act.  You also need to state the date(s) on which the act(s) occurred if possible.

4.  <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5.  <u>Administrative Remedies</u>.  Exhaustion of administrative remedies is a prerequisite to filing a civil rights complaint.  42 U.S.C. § 1997e requires prisoners to exhaust the available administrative remedies before being allowed to file a civil rights action.  Consequently, you must disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If one of your counts is exempt from the grievance procedures or administrative appeals, fully explain the exemption on the lines provided.

**Part D.  REQUEST FOR RELIEF:**

Print the relief you are seeking in the space provided.

**SIGNATURE:**

You must sign your name and print the date you signed the complaint.  Your signature must be an original signature, not a photocopy.

## FINAL NOTE

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed by the court.  All questions must be answered concisely

in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code


# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| _____, ) | |
| (Full Name of Plaintiff)   Plaintiff,   ) | |
| ) | |
| vs.                   ) | CASE NO. _____ |
| ) | (To be supplied by the Clerk) |
| _____, ) | |
| ) | |
| _____, ) | **CIVIL RIGHTS COMPLAINT** |
| ) | **BY A PRISONER** |
| _____, ) | |
| ) | |
| _____, ) | ☐ Original Complaint |
| (Full Name of Each Defendant)  Defendant(s).  ) | ☐ First Amended Complaint |
| _____ ) | ☐ Second Amended Complaint |

## A.  JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
    a.   ☐ 28 U.S.C. § 1343(a)(3); 42 U.S.C. § 1983
    b.   ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
    c.   ☐ Other:  (Please specify.) _____.

2.   Name of Plaintiff: _____.
    Present mailing address: _____.
        **(Failure to notify the Court of your change of address may result in dismissal of this action.)**

    Institution/city where violation occurred: _____.

Revised 2/7/05                                        1

**550/555**

3.  Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
<span style="padding-left:3em">(Position and Title)</span>                    <span style="padding-left:3em">(Institution)</span>

The first Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the first Defendant was acting under color of law: _____
_____.

4.  Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
<span style="padding-left:3em">(Position and Title)</span>                    <span style="padding-left:3em">(Institution)</span>

The second Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the second Defendant was acting under color of law: _____
_____.

5.  Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
<span style="padding-left:3em">(Position and Title)</span>                    <span style="padding-left:3em">(Institution)</span>

The third Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the third Defendant was acting under color of law: _____
_____.

6.  Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
<span style="padding-left:3em">(Position and Title)</span>                    <span style="padding-left:3em">(Institution)</span>

The fourth Defendant is sued in his/her: ☐ individual capacity ☐ official capacity (check one or both).
Explain how the fourth Defendant was acting under color of law: _____
_____.

**(If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.)**

## B. PREVIOUS LAWSUITS

1.  Have you filed any other lawsuits while you were a prisoner?        ☐ Yes        ☐ No

2.  If your answer is "yes," how many lawsuits have you filed? _____. Describe the previous lawsuits in the
spaces provided below.

3.  First prior lawsuit:
    a.  Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
        _____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____

    e.   Disposition:  (For example: Was the case dismissed? Was it appealed?  Is it still pending?) \_\_\_\_
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

4.   Second prior lawsuit:

    a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
_____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____

    e.   Disposition:  (For example: Was the case dismissed? Was it appealed?  Is it still pending?) \_\_\_\_
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

5.   Third prior lawsuit:

    a.   Parties to previous lawsuit:
        Plaintiff: _____.
        Defendants: _____
_____.

    b.   Court:  (If federal court, identify the district; if state court, identify the county.) _____
_____.

    c.   Case or docket number: _____.

    d.   Claims raised: _____
_____
_____

    e.   Disposition:  (For example: Was the case dismissed? Was it appealed?  Is it still pending?) \_\_\_\_
_____.

    f.   Approximate date lawsuit was filed: _____.

    g.   Approximate date of disposition: _____.

**(If you filed more than three  lawsuits, answer the questions listed above for each additional lawsuit on a separate page.)**

3

## C.  CAUSE OF ACTION

### COUNT I

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____
_____
_____.

2.    Count I involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
in a different count)        ☐ Mail            ☐ Access to the court        ☐ Medical care
☐ Disciplinary proceedings    ☐ Property        ☐ Exercise of religion        ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count I.  Describe exactly what each
Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal
authority or arguments).
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at
your institution?                                        ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count I?            ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count I to the highest level?        ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
why you did not.  _____
_____.

4

## COUNT II

1.  The following constitutional or other federal civil right has been violated by the Defendant(s): _____
    _____
    _____.

2.  Count II involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated
    in a different count)  ☐ Mail  ☐ Access to the court  ☐ Medical care
    ☐ Disciplinary proceedings  ☐ Property  ☐ Exercise of religion  ☐ Retaliation
    ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.  **Supporting Facts:** (State as briefly as possible the FACTS supporting Count II.  Describe exactly what
    each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing
    legal authority or arguments).
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____.

4.  **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).
    _____
    _____
    _____.

5.  **Administrative Remedies:**
    a.  Are there any administrative remedies (grievance procedures or administrative appeals) available at
        your institution?  ☐ Yes  ☐ No
    b.  Did you submit a request for administrative relief on Count II?  ☐ Yes  ☐ No
    c.  Did you appeal your request for relief on Count II to the highest level?  ☐ Yes  ☐ No
    d.  If you did not submit or appeal a request for administrative relief to the highest level, briefly explain
        why you did not.  _____
        _____.

**COUNT III**

1.    The following constitutional or other federal civil right has been violated by the Defendant(s): _____

_____

_____.

2.    Count III involves: (Check **only one**; if your claim involves more than one issue, each issue should be stated in a different count)    ☐ Mail    ☐ Access to the court    ☐ Medical care
☐ Disciplinary proceedings    ☐ Property    ☐ Exercise of religion    ☐ Retaliation
☐ Excessive force by an officer    ☐ Threat to safety    ☐ Other: _____.

3.    **Supporting Facts:** (State as briefly as possible the FACTS supporting Count III.  Describe exactly what each Defendant did or did not do to violate your rights.  State the facts clearly in your own words without citing legal authority or arguments).

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury:**  (State how you have been injured by the actions or inactions of the Defendant(s)).

_____
_____
_____.

5.    **Administrative Remedies:**
a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?    ☐ Yes    ☐ No
b.    Did you submit a request for administrative relief on Count III?    ☐ Yes    ☐ No
c.    Did you appeal your request for relief on Count III to the highest level?    ☐ Yes    ☐ No
d.    If you did not submit or appeal a request for administrative relief to the highest level, briefly explain why you did not.  _____
_____.

**(If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.)**

## D.  REQUEST FOR RELIEF

State briefly exactly what you want the Court to do for you.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____        _____
                   DATE                                            SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)

## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If needed, you may attach no more than fifteen additional pages.  The form, however, must be completely filled in to the extent applicable.